IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | | |
| Todd R. Newcome | : | Case No.16-10776tpa |
| Lori A. Newcome | : | Chapter 13 |
|     Debtor(s) | : | |
| Todd R. Newcome | : | |
| Lori A. Newcome | : | Related to Document # 53 |
|     Movant(s) | : | |
| | : | |
|     vs. | : | |
| Americredit Financial Services, Inc., | : | |
| dba GM; Best Buy Credit Services; CRW | | |
| Home Center, Inc; Capital One; | : | Hearing Date 4/26/2017 |
| Capital One Bank (USA) , N.A.,; | : | |
| Cavalry SPV I, LLC; Cavalry Spv I, LLC; | : | |
| Chase Card Services –Disney ; Citi | : | |
| Cards/Bon Ton; Comenity-Gander MTN; | | |
| Comenity –Peebles; Credit Collection | : | |
| Services; Dan & Kelly Reitz; (p) Dell | : | |
| Financial Services; GM Financial; | : | |
| Joshua I Goldman, Hyundai | : | |
| Capital America DBA; Indiana | : | |
| Regional Medical Center;  Jefferson | : | |
| County Tax Claim Bureau; Kia | : | |
| Motor Finance; Kay jewelers; Kohls/ | : | |
| Capital One; Liberty Mutual Group; | : | |
| Lowes/Synchrony Bank; (p) | : | |
| Nationstar Mortgage LLC,; Lori A | : | |
| Newcome; Todd R. Newcome; | : | |
| Northwest Consumer Discount | : | |
| Company; Onemain; Office of the | : | |
| United States Trustee; Onemain | : | |
| Financial;  Penn Highlands Dubois; | : | |
| Pennsylvania Dept of Revenue; | : | |
| Peoples Gas; Peoples Twp LLC, Plain | : | |
| Green Loans (p) Portfolio Recovery | : | |
| Associates LLC, Punxsutawney Area | : | |
| Hospital; Quantum3 Group LLC, as | : | |
| Agent for Comenity Bank, Recovery | : | |
| Management Systems Corporation; | : | |
| S&T Bank; Gary V. Skiba; Springleaf | : | |
| Financial Services, Sterling Jewelers Inc; | | |
| Susan L. Mitchell, Synchrony Bank- | : | |
| Len Crafters; the SOS Group; Brian C. | : | |
| Thompson; James Wallace; Walmart | : | |
| Mastercard/Syncb; James | : | |

Warmbrodt; and Ronda J. Winnecour,  :
Trustee                              :
Respondent(s)

### TRUSTEE'S RESPONSE TO MOTION TO SEVER CHAPTER 13 CASE

Ronda J. Winnecour, Chapter 13 Trustee, by her undersigned counsel, respectfully represents the following:

1. The debtors' motion requests that the Court order that the existing joint chapter 13 case be separated into two chapter 13 cases.

2. The motion explains that the debtor wife would then move for conversion of her case to chapter 7, but the proposed order would impose a 30 day deadline for a motion to convert to be filed, and if no "other relief is sought and granted in the interim," the case would be dismissed.

3. It is unclear from the language of the proposed order whether the debtor wife is undecided as to whether or not she would move to convert her case to chapter 7. If she has decided that she wishes to have her case converted, the Trustee questions why the debtors' motion is not requesting that the wife's case be converted, rather than creating a new chapter 13 case with undefined goals.

4. In the event that the debtor wife is uncertain as to whether she wishes to pursue a chapter 7 discharge, the Trustee recommends that the debtor wife be given a brief window of time to decide whether she prefers conversion or dismissal of the case, and that the relief to be afforded to her by the Court be conversion or dismissal, without the creation of a separate chapter 13 case.

5. The motion makes reference to two secured claims which the debtor husband intends to pay through an amended chapter 13 plan, begging the question as to how the holders of the remaining claims in the existing chapter 13 case are to be treated.

6. If the unstated purpose of the debtors' request for the creation of a new chapter 13 case for the debtor wife is to separate the existing claims between the two chapter 13 cases, so that the debtor husband's plan would not be required to address claims assigned to the wife's chapter 13 case, the Trustee avers that the proposed order would not accomplish such a separation of the claims between the two chapter 13 cases.

7. The Trustee recommends that the allowed claims in the existing chapter 13 case continue to be treated as allowed claims in the existing case following severance of the debtors' joint case, subject to the debtor husband's right to raise formal objections to any claims which he believes to be owed only by the debtor wife, in order to provide the holders of existing allowed claims with notice and an opportunity to be heard before their claims may be disqualified to receive distributions in the existing chapter 13 case.  This would be appropriate regardless of whether the debtor wife's case is converted or dismissed, and regardless of whether or not a new chapter 13 case is created for the debtor wife.

WHEREFORE, the Trustee objects to the debtors' motion in its present form.

RONDA J. WINNECOUR,
CHAPTER 13 TRUSTEE

Date:  3/17/17            by     _/s/ Richard J. Bedford
                           Richard J. Bedford - PA I.D. #25069
                           Attorney for Trustee
                           US Steel Tower – Suite 3250
                           600 Grant St.
                           Pittsburgh, PA  15219
                           (412) 471-5566
                           rbedford@chapter13trusteewdpa.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | | |
| Todd R. Newcome | : | Case No.16-10776tpa |
| Lori A. Newcome | : | Chapter 13 |
|     Debtor(s) | : | |
| Todd R. Newcome | : | |
| Lori A. Newcome | : | Related to Document # 53 |
|     Movant(s) | : | |
| | : | |
|     vs. | : | |
| Americredit Financial Services, Inc., | : | |
| dba GM; Best Buy Credit Services; CRW | | |
| Home Center, Inc; Capital One; | : | Hearing Date 4/26/2017 |
| Capital One Bank (USA) , N.A.,; | : | |
| Cavalry SPV I, LLC; Cavalry Spv I, LLC; | : | |
| Chase Card Services –Disney ; Citi | : | |
| Cards/Bon Ton; Comenity-Gander MTN; | | |
| Comenity –Peebles; Credit Collection | : | |
| Services; Dan & Kelly Reitz; (p) Dell | : | |
| Financial Services; GM Financial; | : | |
| Joshua I Goldman, Hyundai | : | |
| Capital America DBA; Indiana | : | |
| Regional Medical Center;  Jefferson | : | |
| County Tax Claim Bureau; Kia | : | |
| Motor Finance; Kay jewelers; Kohls/ | : | |
| Capital One; Liberty Mutual Group; | : | |
| Lowes/Synchrony Bank; (p) | : | |
| Nationstar Mortgage LLC,; Lori A | : | |
| Newcome; Todd R. Newcome; | : | |
| Northwest Consumer Discount | : | |
| Company; Onemain; Office of the | : | |
| United States Trustee; Onemain | : | |
| Financial;  Penn Highlands Dubois; | : | |
| Pennsylvania Dept of Revenue; | : | |
| Peoples Gas; Peoples Twp LLC, Plain | : | |
| Green Loans (p) Portfolio Recovery | : | |
| Associates LLC, Punxsutawney Area | : | |
| Hospital; Quantum3 Group LLC, as | : | |
| Agent for Comenity Bank, Recovery | : | |
| Management Systems Corporation; | : | |
| S&T Bank; Gary V. Skiba; Springleaf | : | |
| Financial Services, Sterling Jewelers Inc; | | |
| Susan L. Mitchell, Synchrony Bank- | : | |
| Len Crafters; the SOS Group; Brian C. | : | |
| Thompson; James Wallace; Walmart | : | |
| Mastercard/Syncb; James | : | |

Warmbrodt; and Ronda J. Winnecour,  :
Trustee                                            :
      Respondent(s)

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th of March 2017, I served one true and correct copy of the foregoing document on the following parties in interest by United States first-class mail, postage prepaid, addressed as follows:

Joseph S. Sisca, Esquire
Assistant U.S. Trustee
Suite 970, Liberty Center
1001 Liberty Avenue
Pittsburgh PA.  15222

Todd and Lori Newcome
216 Dinsmore Avenue
Jefferson PA 15767

Brian Thompson, Esquire
125 Warrendale-Bayne Road
Suite 200
Warrendale PA 15086

    _/s/Dianne DeFoor_____
    Office of Chapter 13 Trustee
    US Steel Tower – Suite 3250
    600 Grant Street
    Pittsburgh, PA  15219
    (412) 471-5566
    cmecf@chapter13trusteewdpa.com